JENNY L. FOLEY, Ph.D., ESQ.
Nevada Bar No. 9017
E-mail: jfoley@hkm.com
MARTA D. KURSHUMOVA, ESQ.
Nevada Bar No. 14728
E-mail: mkurshumova@hkm.com
HKM EMPLOYMENT ATTORNEYS LLP
1785 East Sahara, Suite 300
Las Vegas, Nevada 89104
Tel: (702) 625-3893
Fax: (702) 625-3893
E-mail: jfoley@hkm.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| DEVONTE' REESE, on his own behalf and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>NPSG Global, LLC., a Foreign Limited-Liability Company; NPSG Construction LLC, a Foreign Limited-Liability Company; DOES I -X; and ROE CORPORATIONS I - X.<br><br>Defendant. | CASE NO.:<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF FAIR LABOR STANDARDS ACT AND NEVADA WAGE AND HOUR LAWS AND JURY DEMAND** |

**CLASS ACTION COMPLAINT**

The Plaintiff DeVonte' Reese ("Reese"), on his own behalf and on behalf of all others similarly situated, by and through his attorney, Jenny L. Foley, Ph.D., Esq. of HKM Employment Attorneys LLP hereby complains and alleges as follows:

**JURISDICTION**

1. This Court has original jurisdiction over the federal claims alleged herein pursuant to

Page **1** of **16**

the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 216(b) which states: "An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and others employees similarly situated."

2. This Court has supplemental jurisdiction over the state law claims alleged herein pursuant to 28 U.S.C. § 1367 because the state law claims alleged herein all arise out of the same transaction and occurrence, i.e. the failure to properly pay all wages due and there is no conflict between the procedures applicable to the FLSA and State law claims. *Integrity Staffing Solutions, Inc.*, 2013 U.S. App. LEXIS 7397 (9th Cir. Nev. Apr. 12, 2013) ("In sum, we agree with the other circuits to consider the issue that the fact that Rule 23 class actions use an opt-out mechanism while FLSA collective actions use an Opt-in mechanism does not create a conflict warranting dismissal of the state law claims.")

3. Under Nevada State law, an employee and/or former employee has a private cause of action for minimum wages for all hours worked pursuant to Section 16 of Article 15 of the Nevada State Constitution. Article 15, Section 16(B) of the Constitution of the State of Nevada states in relevant part: "An employee claiming violation of this section may bring an action against his or her employer in the courts of this State to enforce the provisions of this section and shall be entitled to all remedies available under the law or in equity appropriate to remedy any violation of this section, including but not limited to back pay, damages, reinstatement or injunctive relief.   An employee who prevails in any action to enforce this section shall be awarded his or her reasonable attorney's

fees and costs."

4. In addition, this Court has jurisdiction over the Nevada statutory claims alleged herein because the parties seeking to recover unpaid wages have a private right of action pursuant to the Nevada Constitution, Nevada Revised Statute ("NRS") sections 608.018 and 608.140, among others. Baldonado v. Wynn Las Vegas, LLC, 124 Nev. 951 (Nev. 2008); Lucatelli v. Texas de Brazil (Las Vegas) Corp., 2012 U.S. Dist. LEXIS 66765, *7 (D. Nev. May 11, 2012) (recognizing that the Nevada Supreme Court stated "it is "illogical" that a plaintiff who can privately enforce a claim for attorneys' fees under NRS § 608.140 cannot privately enforce the underlying claim the fees arose from") (citing Csomos v. Venetian Casino Resort, LLC, No. 55203, 2011 Nev. Unpub. LEXIS 1629, 2011 WL 4378744, at *2 (Nev. Sept. 19, 2011)); accord, Busk v. Integrity Staffing Solutions, Inc., 2013 U.S. App. LEXIS 7397 (9th Cir. Nev. Apr. 12, 2013)("Nevada Revised Statute § 608.140 does provide a private right of action to recoup unpaid wages.") cert. granted 2014 WL 801096 (Mar. 3, 2014), rev'd on other grounds, No. 13-433, 2014 WL 6885951 (U.S. Dec. 9, 2014); Evans v. Wal-Mart Stores, Inc., No. 14-16566, 2016 WL 4269904 (9th Cir. August 15, 2016) (Terminated employees have a private right of action for statutorily mandated overtime premium pay both as wages and as compensation under NRS 608.040 and 608.050); see also Doolittle v. Eight Judicial Dist. Court, 54 Nev. 319, 15 P.2d 684; 1932 Nev. LEXIS 34 (1932) (recognizing that former employees have a private cause of action to sue their employer (as well as third party property owners where the work was performed) for wages and waiting penalties under NRS 608.040 and NRS 608.050).

5. Venue is proper in this Court because the Defendant named herein maintains a principal

place of business or otherwise is found in the judicial district and many of the acts complained of herein occurred in Clark County, Nevada.

## FACTUAL ALLEGATIONS

6. Defendants are NPSG Global, LLC., a Foreign Limited-Liability Company and NPSG Construction LLC, a Foreign Limited-Liability Company (referred to collectively as "**Defendant**").

7. At all times relevant herein, Defendant has employed a number of salaried employees, including Plaintiff and all others similarly situated.

8. At all times relevant herein, Defendants have engaged in an illegal, willful and malicious policy and practice of failing to properly classify their salaried employees as hourly employees, including Plaintiff and all others similarly situated, and, therefore, failing to pay said employees hourly wages and overtime for all hours worked.

9. At the time of his separation from employment, Plaintiff's salary was Seventy-Five Thousand Dollars ($75,000.00). Plaintiff worked approximately 75-80 hours per week each week.

## PLAINTIFF'S 1099 MISCLASIFICATION

10. Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

11. Plaintiff first started his employment with Defendant in April 2015, as a 1099 subcontractor Tier III Labor employee.

12. Plaintiff's compensation was set at a daily rate of Two Hundred Dollars ($200.00) at up to twelve (12) hours.

13. Any hours above the allotted twelve (12) hours were considered overtime and were to be compensated at a rate of Twenty-Five Dollars ($25.00) per hour.

14. Defendant failed to compensate Plaintiff's overtime at the contracted rate of Twenty-

Five Dollars ($25.00) per hour.

15. Defendant knew or should have known they failed to compensate Plaintiff accordingly.

16. Defendant had complete control over Plaintiff's duties.

17. Plaintiff's duties included but were not limited to painting fences and metal posts, drilling concrete, cutting metal, grinding metal, forklift operations, floor layouts, installed guard rails, IT equipment, janitorial cleaning.

18. Defendant gave Plaintiff detailed and specific instructions when to perform certain duties and how to perform those duties.

19. Plaintiff only performed work on Defendant's premises.

20. Defendant evaluated Plaintiff's work not only on the end result but also on how he performed the work.

21. Plaintiff did not bring any of his own tools. Defendant provided Plaintiff with all of the tools and equipment he needed to perform his duties.

22. The amount of control Defendant exercised over Plaintiff and Plaintiff's financial dependence for the purposes of providing services to Defendant indicate Plaintiff should have been classified as a W-2 employee.

23. Defendant misclassified Plaintiff as an independent contractor.

### PLAINTIFF'S IMPROPER CLASSIFICATION AS A SALARIED EMPLOYEE

24. In January 2016, Defendant switched Plaintiff to a W-2 employee with an annual salary of Fifty Thousand Dollars ($50,000.00).

25. Plaintiff usually worked between seventy (70) and eighty (80) hours each week.

26. Plaintiff did not receive any overtime pay.

27. Plaintiff's duties remained the same as when he was classified as an independent contractor.

28. Plaintiff's duties and salary do not fall under any of the categories for exemption from overtime pay and minimum wage requirements.

29. In July 2016, Mr. Reese met with Kris McIntosh ("**Mr. McIntosh**"), his supervisor, who informed him that the Company was happy with his performance and gave him a

|   |     |   |
|---|-----|---|
| 1 |     | Five Thousand Dollar ($5,000.00) raise. |
| 2 | 30. | In January 2017, Defendant promoted Plaintiff to Project Manager ("PM") and gave him another raise for a total salary of Seventy-Five Thousand Dollars ($75,000.00). |
| 4 | 31. | Defendant changed Plaintiff's title. |
| 5 | 32. | Defendant added a few more duties to Plaintiff's work day – training of new employees and scheduling for himself and new employees. |
| 7 | 33. | Plaintiff did not receive any overtime pay. |
| 8 | 34. | Plaintiff discovered the wrongful classification and also discovered the Company reduced and/or switched his hours in the system on a routine basis to make it look like they were more efficient. |
| 11 | 35. | Plaintiff Reese immediately contacted Mr. McIntosh about the wrongful classification. |
| 12 | 36. | Mr. McIntosh told Plaintiff to "be happy with what he was getting, when Mr. McIntosh was his age he didn't get anything close, so he should be happy." |
| 14 | 37. | In 2018, Mr. McIntosh e-mailed the PMs informing them of a change in their position to leaders and a small raise, and reminding them he could demote them to a position paying Ten Dollars ($10.00) per hour. |
| 17 | 38. | The position of lead incorporated the same duties as those of regular hourly workers. |
| 18 | 39. | Plaintiff remained a salaried employee. |
| 19 | 40. | Plaintiff submitted a complaint regarding his misclassification to two (2) regional PMs, Tylar Friberg and Jakob Kirk, who responded there was no issue with his wages. |
| 21 | 41. | Plaintiff then submitted a complaint with Human Resources, where his issue was prolonged while under the review of Lori Mullen. |
| 23 | 42. | Eventually, Sandra Foster, the head of Human resources, dismissed Plaintiff's claim stating that there was no mistake in his status, pay or hours. |
| 25 | 43. | Defendant knew or should have known about the improper classification and willfully failed to compensate Plaintiff accordingly. |
| 27 |     | /// |
| 28 |     | /// |

## COLLECTIVE AND CLASS ACTION ALLEGATIONS

44. Plaintiff incorporates all of the allegations in the preceding paragraphs as though fully set forth herein.

45. Plaintiff brings the action on behalf of himself and all other similarly situated employees including but not limited to tier I through III laborers, crew leads, site leads, and project managers employed by Defendant in Nevada as both a collective action under the FLSA and a true class action under Nevada law.

46. The FLSA CLASS consists of all salary paid employees employed as tier I through III laborers, crew leads, site leads, and project managers by Defendant, in the United States within three years immediately preceding the filing of this action until the date of judgement after trial.

47. With regard to the conditional certification mechanism under the FLSA, Plaintiff is similarly situated to those that he seeks to represent for the following reasons, among others:

    A. Plaintiff seeks preliminary and final certification and requests an order from this court that notice of this action be sent to all prospective FLSA CLASS Members so that they may become party plaintiffs in this litigation pursuant to 29 U.S.C. §216(b) if they so desire.

    B. Defendant misclassified Plaintiff as a 1099 and then as a salaried employee, thus failing to compensate him properly for overtime work.

    C. Plaintiff's situation is similar to those he seeks to represent because Defendants failed to pay Plaintiff and all other FLSA CLASS Members in accordance with their proper classification as hourly W-2 employees.

    D. Upon information and belief, Defendant employs, and has employed, in excess of 300 FLSA CLASS Members within the applicable statute of limitations.

    E. Plaintiff has signed a Consent to Join form, which was attached to the original Complaint as Exhibit A.

48. The **NEVADA CLASS** consists of all salaried employees employed by Defendant,

either still employed or terminated, in the State of Nevada within six years immediately preceding the filing of this action until the date of judgement after trial.

49. Rule 23 treatment is appropriate for the Nevada Class specified herein for the following reasons:

    A. <u>The NEVADA CLASS is Sufficiently Numerous.</u> Upon information and belief, Defendants employ, and has employed, in excess of 300 NEVADA CLASS Members within the applicable statute of limitations. Because Defendant is legally obligated to keep accurate payroll records, Plaintiff alleges that Defendant's records will establish the identity and ascertainably of members of the NEVADA Class as well as their numerosity.

    B. <u>Plaintiff's Claims are Typical to Those of Fellow Class Members.</u> Each NEVADA CLASS Member is and was subject to the same practices, plans, and/or policies as Plaintiff, as follows: (1) Defendant improperly misclassified new hire employees as 1099 independent contractors; (2) Defendant improperly classified their W-2 salaried employees as such instead of as hourly employees; (3) Defendant required salaried employees to work between seventy (70) and (80) hours a week; (4) as a result of working employees on a salary, Defendant failed to pay said employees properly for all wages and overtime due and owing.

    C. <u>Common Questions of Law and Fact Exist.</u> Common questions of law and fact exist and predominate as to Plaintiff and the Nevada class, including, without limitation the following: (1) Whether Plaintiff and NEVADA Class Members were classified improperly as 1099 independent contractors; (2) Whether Plaintiff and NEVADA Class Members were classified improperly as salaried employees instead of hourly employees; and (3) Whether Defendant failed to pay Plaintiff and NEVADA Class Members in violation of NRS 608.018, 608.030-050.

    D. <u>Plaintiff Is an Adequate Representative of the Class.</u> Plaintiff will fairly and

adequately represent the interests of the NEVADA CLASS because Plaintiff is a member of the class, he has issues of law and fact in common with all members of the class and he does not have any interests antagonistic to the members of the class. Plaintiff and counsel are aware of their fiduciary responsibilities to Members of the class and are determined to discharge those duties diligently and vigorously by seeking the maximum possible recovery for the class as a group.

E. <u>Superiority/Predominance</u>. A class action is superior to other available means for the fair and efficient adjudication of their controversy and common questions predominate over individualized issues. Each Member of the class has been damaged and is entitled to recovery by reason of Defendant's illegal policy and/or practice of failing to compensate its employees in accordance with federal and Nevada wage and hour law. The prosecution of individual remedies by each member of the class will be cost prohibitive and may lead to inconsistent standards of conduct for Defendant and result in the impairment of the rights and the disposition of their interest through actions to which they were not parties.

## **FIRST CAUSE OF ACTION**

**Failure to Pay Wages in Violation of the FLSA, 29 U.S.C. § 201, et seq.**

50. Plaintiff realleges and incorporates by reference all the paragraphs above in the Complaint as though fully set forth herein.

51. Pursuant to the FLSA, 29 U.S.C. § 201, et seq., Plaintiff and all FLSA CLASS Members are entitled to compensation at their regular rate of pay or minimum wage rate, whichever is higher, for all hours actually worked.

52. 29 U.S.C. § 206(a)(1) states that "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production

of goods for commerce, wages at the following rates: (1) except as otherwise provided in this section, not less than (A) $5.85 an hour beginning on the 60th day after the enactment of the Fair Minimum Wage Act of 2007; (B) $6.55 an hour, beginning 12 months after that 60th day; and C) $7.25 an hour, beginning 24 months after that 60th day."

53. By failing to compensate Plaintiff and FLSA CLASS Members hourly and for their overtime, Defendant failed to pay Plaintiff and the FLSA CLASS Members for all hours worked.

54. Defendants' unlawful conduct has been widespread, repeated, and willful. Defendants knew or should have known that its policies and practices have been unlawful and unfair.

55. Wherefore, Plaintiff demands for himself and for all others similarly situated, that Defendants pay Plaintiff and all other members of the FLSA CLASS the minimum hourly wage rate or their regular rate of pay, whichever is greater, for all hours worked during the relevant time period together with liquidated damages, attorneys' fees, costs, and interest as provided by law.

## SECOND CAUSE OF ACTION

**Failure to Pay Overtime Wages in Violation of the FLSA, 29 U.S.C. § 207**

**(On Behalf of Plaintiff and all members of the FLSA CLASS)**

56. Plaintiff realleges and incorporates by reference all the paragraphs above in the Complaint as though fully set forth herein.

57. 29 U.S.C. Section 207(a)(1) provides as follows: "Except as otherwise provided in the section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

58. By knowingly and willfully failing to compensate Plaintiff and FLSA CLASS Members for the time spent working overtime, Defendant failed to pay Plaintiff and the FLSA CLASS Members for all hours worked.

59. There is a three-year statue of limitations under the FLSA.

60. Wherefore, Plaintiff demands for himself and for all others similarly situated, that Defendants pay Plaintiff and FLSA CLASS Members one- and one-half times their regular hourly rate of pay for all hours worked in excess of forty (40) hours a week during the relevant time period together with liquidated damages, attorneys' fees, costs, and interest as provided by law.

### THIRD CAUSE OF ACTION

**Failure to Pay Minimum Wages in Violation of the Nevada Constitution**

**(On Behalf of Plaintiff and all members of the NEVADA CLASS)**

61. Plaintiff realleges and incorporates by reference all the paragraphs above in the Complaint as though fully set forth herein.

62. Article 15, Section 16(A) of the Constitution of the State of Nevada sets forth the minimum wage requirements in the State of Nevada and further provides that "[t]he provisions of this section may not be waived y agreement between an individual employee and an employer. ... An employee claiming violation of this section may bring an action against his or her employer in the courts of this State to enforce the provisions of this section and shall be entitled to all remedies available under the law or in equity appropriate to remedy any violation of this section, including but not limited to back pay, damages, reinstatement or injunctive relief. An employee who prevails in any action to enforce this section shall be awarded his or her reasonable attorney's fees and costs."

63. By knowingly and willfully failing to compensate Plaintiff and NEVADA CLASS Members any sort of compensation (zero dollars) for the time spent working overtime, Defendant failed to pay Plaintiff and NEVADA CLASS Members for all hours worked in violation of the Nevada Constitution. Zero dollars is less than the Nevada minimum

wage of $7.25 per hour worked.

64. There is a two-year statute of limitations for Nev. Const. art. 15 § 16.

65. Wherefore, Plaintiff demands for himself and for NEVADA CLASS Members payment by Defendants at their regular hourly rate of pay or the minimum wage rate, whichever is higher, for all hours worked for the two years immediately preceding the filing of this complaint until the date of judgement after trial, together with attorneys' fees, costs, and interest as provided by law.

## FOURTH CAUSE OF ACTION

**Failure to Pay Wages for All Hours Worked in Violation of NRS 608.140 and 608.016**

**(On Behalf of Plaintiff and all members of the NEVADA CLASS)**

66. Plaintiff realleges and incorporates by the reference all the paragraphs above in the Complaint as though fully set forth herein.

67. NRS 608.140 provides that an "employee" shall have the right to bring suit for unpaid wages. An "employee" in Nevada is any person "in the service of an employer under any appointment or contract of hire or apprenticeship, express or implied, oral or written, whether lawfully or unlawfully employed."

68. Nevada Revised Statutes ("NRS") 608.016 entitled, "Payment for each hour of work; trial or break-in period not excepted" states that: "An employer shall pay to the employee wages for each hour the employee works. An employer shall not require an employee to work without wages during a trial or break-in period."

69. Nevada Administrative Code ("NAC") 608.115(1), entitled "Payment for time worked. (NRS 607.160, 608.016, 608.250)" states: "An employer shall pay an employee for all time worked by the employee at the direction of the employer, including time worked by the employee that is outside the scheduled hours of work of the employee."

///
///
///
///
Page **12** of **16**

## FIFTH CAUSE OF ACTION

### Failure to Pay Overtime Wages in Violation of NRS 608.140 and 608.018

### (On Behalf of Plaintiff and all members of the NEVADA CLASS)

70. Plaintiff realleges and incorporates by this reference all the paragraphs above in this Complaint as though fully set forth herein.

71. NRS 608.140 provides that an employee has a private right of action for unpaid wages.

72. NRS 608.018(1) provides as follows:

> An employer shall pay 1 1/2 times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate less than 1 1/2 times the minimum rate prescribed pursuant to NRS 608.250 works: (a) More than 40 hours in any scheduled week of work; or (b) More than 8 hours in any workday unless by mutual agreement the employee works a scheduled 10 hours per day for 4 calendar days within any scheduled week of work.

73. NRS 608.018(2) provides as follows:

> An employer shall pay 1 1/2 times an employee's regular wage rate whenever an employee who receives compensation for employment at a rate not less than 1 1/2 times the minimum rate prescribed pursuant to NRS 608.250 works more than 40 hours in any scheduled week of work.

74. By failing to compensate Plaintiff and NEVADA CLASS Members for the time spent working after regular hours, Defendant failed to pay Plaintiff and NEVADA CLASS Members daily overtime premium pay for all hours worked over eight (8) hours in a workday to those NEVADA CLASS Members who were paid a regular rate of less than one and one half times the minimum wage premium pay and, failed to pay a weekly premium overtime rate of pay of time and one half their regular rate for all members of the NEVADA Class who worked in excess of forty (40) hours in a week in violation of NRS 608.140 and 608.018.

75. Wherefore, Plaintiff demands for himself and for the NEVADA CLASS Members payment by Defendants at one and one half times their "regular rate" of pay for all hours worked in excess of eight (8) hours in a workday for those class members whose

regular rate of pay did not exceed the one and one half the minimum wage set by law, and premium overtime rate of one and one half their regular rate for all class members who worked in excess of forty (40) hours a workweek during the Class Period together with attorneys' fees, costs, and interest as provided by law.

## SIXTH CAUSE OF ACTION

**Failure to Timely Pay All Wages Due and Owing Upon Termination Pursuant to NRS 608.140 and 608.020-.050**

**(On Behalf of Plaintiff and the NEVADA CLASS)**

76. Plaintiff realleges and incorporates by reference all the paragraphs above in the Complaint as though fully set forth herein.

77. NRS 608.140 provides that an employee has a private right of action for unpaid wages.

78. NRS 608.020 provides that "[w]henever an employer discharges an employee, the wages and compensation earned and unpaid at the time of such discharge shall become due and payable immediately."

79. NRS 608.040(1)(a-b), in relevant part, imposes a penalty on an employer who fails to pay a discharged or quitting employee: "Within 3 days after the wages or compensation of a discharged employee becomes due; or on the day the wages or compensation is due to an employee who resigns or quits, the wages or compensation of the employee continues at the same rate from the day the employee resigned, quit, or was discharged until paid for 30-days, whichever is less."

80. NRS 608.050 grants an "employee lien" to each discharged or laid-off employee for the purpose of collecting the wages or compensation owed to them "in the sum agreed upon in the contract of employment for each day the employer is in default, until the employee is paid in full, without rendering any service therefor; but the employee shall cease to draw such wages or salary 30 days after such default."

81. By failing to pay Plaintiff and all terminated employees for all hours worked in violation of state and federal law, at the correct legal rate, Defendant has failed to timely remit all wages due and owing to Plaintiff and NEVADA CLASS Members.

82. Despite demand, Defendants willfully refuse and continue to refuse to pay Plaintiff and all NEVADA CLASS Members.

83. Wherefore, Plaintiff demands thirty (30) days wages under NRS 608.140 and 608.040, and an additional thirty (30) days wages under NRS 608.140 and 608.050 for all members of the NEVADA CLASS together with attorneys' fees, costs, and interest as provided by law.

## JURY TRIAL DEMANDED

84. Plaintiff hereby demands a jury trial pursuant to Federal Rule of Civil Procedure 38.

## PRAYER FOR RELIEF

85. Wherefore Plaintiff, individually and on behalf of all Members of the FLSA CLASS and the NEVADA CLASS alleged herein, prays for relief as follows:

1. For an order conditionally certifying the action under the FLSA and providing notice to all FLSA CLASS members so they may participate in the lawsuit;
2. For an order certifying the action as a traditional class action under Federal Rule of Civil Procedure Rule 23 on behalf of all members of the NEVADA CLASS;
3. For an order appointing Plaintiff as the Representative of the NEVADA CLASS and his counsel as Class Counsel for the NEVADA CLASS;
4. For damages according to proof at the minimum wage rate, the regular rate or the overtime premium rate, if applicable, for payment under Article 15, Section 16 of the Constitution of the State of Nevada, NRS 608.140, NRS 608.016, and NRS 608.018 for all hours worked but not paid;
5. For damages according to proof at the minimum wage rate, the regular rate or the overtime premium rate, if applicable, under federal laws for all hours worked but not paid;
6. For liquidated damages pursuant to 29 U.S.C. § 216(b);
7. For waiting time penalties pursuant to NRS 608.140 and 608.040-.050;
8. For interest as provided by law at the maximum legal rate;
9. For reasonable attorneys' fees authorized by statute;

10. For costs of suit incurred herein;

11. For pre-judgment and post-judgment interest, as provided by law; and

12. For such other and further relief as the Court may deem just and proper.

Dated this 31st Day of January, 2019.

HKM EMPLOYMENT ATTORNEYS, LLP

/s/ Jenny L. Foley
**JENNY L. FOLEY, Ph.D., Esq.**
Nevada Bar No. 9017
1785 East Sahara, Suite 325
Las Vegas, Nevada 89104
*Attorney for Plaintiff*

# EXHIBIT "A"

## **CONSENT TO JOIN FORM**

**Consent to sue under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b)**

1. If you are <u>currently</u> employed by NPSG Global, LLC and/or NPSG Construction LLC with the title / in the positions of tier I through III laborers, crew leads, site leads, and/or project managers:

    From_____[DATE] through the present date, I have been employed by National Property Solutions Inc. as an _____.

    If you were <u>formerly</u> employed by NPSG Global, LLC and/or NPSG Construction LLC with the title / in the positions of tier I through III laborers, crew leads, site leads, and/or project managers:

    From_____[DATE] through_____[DATE], I was employed by NPSG Global, LLC and/or NPSG Construction LLC as a _____.

2. During my above stated dates of employment, there were / have been occasions when I worked more than forty hours per workweek and was not / have not been compensated at the rate of one and one half times my regular rate of pay for such hours.

3. I consent to join the FLSA collective action titled *DeVonte Reese v. NPSG Global, LLC; NPSG Construction LLC* (D. Nev.), to recover my unpaid overtime and all other damages as allowed by the FLSA.

4. I choose to be represented in this matter by the named plaintiffs and counsel, HKM Employment Attorneys LLP, in this action.

Print Name: _____

Signature: _____

Date Signed: _____

## Further Information Regarding Consent To Join Form

Print Name: _____

Street Address: _____

City, State, and ZIP: _____

Telephone Number(s):   (Home): _____

(Work): _____

(Cell): _____

E-Mail Address: _____

**Further information:**

- This lawsuit seeks to recover compensation for overtime worked but not compensated.

- It is illegal for any employer to retaliate against an individual for exercising his or her FLSA rights (such as by participating in this lawsuit, signing or submitting this document, or talking to attorneys about his or her rights to full compensation for work performed).

- We are happy to discuss employment rights with you. Please contact us at (702) 805-8340 (HKM Employment Attorneys, LLP).

**Instructions for submitting the attached Consent To Join Form:**

- First, please contact at (702) 805-8340 (HKM Employment Attorneys, LLP) to determine whether you may be eligible to participate in this collective action lawsuit.

- Once you have done so, and confirmed that you may be eligible, please email, fax or mail **both** pages of this form to: Ciara Contreras, 1785 East Sahara, Suite 300, Las Vegas, Nevada 89104, ccontreras@hkm.com; Fax: (702) 625-3893.

- Do **not** submit these forms directly to a court or judge. These forms should be submitted by counsel in the context of ongoing litigation.

- We will submit consent to join forms on behalf of people whom we have determined have a potentially valid claim, based on what those people have told us about their job experiences and other factors. Ultimately, the court assigned to this matter will decide if these people can participate in the case or not, and whether their claims are valid.