# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

DEVONTE' REESE,

  Plaintiff(s),

v.

NPSG GLOBAL, LLC,

  Defendant(s).

Case No.: 2:19-cv-00209-JCM-NJK

**Order**

  This case involves both putative collective action and class action claims. *See* Docket No. 1. Because the parties' initial discovery plan did not address those aspects of the case, the Court instructed the parties to go back to the drawing board and to present a discovery plan that did. Docket No. 27. The amended discovery plan still left much to be desired, *see* Docket No. 36, so the Court set a scheduling hearing, *see* Docket No. 37. Unfortunately, the scheduling hearing proved similarly insufficient to enable the issuance of a scheduling order in this case.[1]

---

[1] The Court is certainly surprised by Plaintiff's counsel's representation that—despite decades of case law on the issue—he is unfamiliar with the two-step approach that generally governs the sequencing of certification of an FLSA collective action. *See, e.g.*, *Campbell v. City of Los Angeles*, 903 F.3d 1090, 1110 (9th Cir. 2018) ("The two-step approach has been endorsed by every circuit that has considered it," and similarly endorsing that approach). That procedure impacts the deadlines that will govern this case and the discovery process. An attorney who appears for a scheduling conference must understand the procedures for the litigation. Being prepared to competently advance the case is especially critical when counsel is seeking to litigate on behalf of numerous plaintiffs who will have little or no participation in the case. *See* Fed. R. Civ. P. 23(g)(1) (counsel representing plaintiffs in a class action must be appointed by the Court upon consideration of, *inter alia*, counsel's knowledge of the law and experience). The Court expects better moving forward.

1

Because the parties' positions have not been sufficiently explained, the amended discovery plan will be **DENIED** without prejudice. A second amended discovery plan must be filed by July 8, 2019. In addition to the default requirements in Local Rule 26-1, the second amended discovery plan must provide a deadline for filing a motion for conditional certification of the collective action or must provide an explanation why such a deadline should not be set.[2] To the extent the parties continue to seek phased discovery with damages discovery to be conducted in Phase II, the second amended discovery plan must explain why phasing discovery in that manner is unlikely to result in insufficient discovery for final certification purposes and/or wasted resources in potentially revisiting final certification rulings after Phase II discovery has been completed.[3] To the extent the parties continue to seek a scheduling order that does not set any deadlines for Phase II given the expected pendency of motion practice at the conclusion of Phase I, the second amended discovery plan must explain why it is appropriate to preemptively stay Phase II discovery in light of that anticipated motion practice.[4] Lastly, the second amended discovery plan must explain whether discovery will be conducted with respect to the plaintiffs who opt-in and, if so, the scope of that discovery. *See Cranney v. Carriage Servs., Inc.*, 2008 WL 2457912, at *2-3 (D. Nev. June 16, 2008); *see also Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1146-47 (D. Nev. 2015).

---

[2] To the extent the parties believe the two-step approach should not be used in this case, they must provide an explanation why that is so. *But see Ramirez v. HG Staffing, LLC*, 283 F. Supp. 3d 943, 946 (D. Nev. 2017) (denying motion to certify collective action because the plaintiffs "skipped procedural steps" in not filing a motion for conditional certification). To the extent the parties believe discovery is necessary for the motion for conditional certification such that an early deadline should not be set, they must explain why that is so. *But see Acuna v. S. Nev. T.B.A. Supply Co.*, 324 F.R.D. 367, 382 (D. Nev. 2018) (noting that such determination is usually "based on the pleadings and affidavits submitted by the parties").

[3] For example, for the class action component of the case, the parties may dispute at the class certification stage whether common issues predominate over any individualized inquiries. *See* Fed. R. Civ. P. 23(b)(3). It is unclear from the discovery plan whether the parties expect that expert disclosures on damages and damages discovery more generally would bear on that issue, but their proposed schedule sets the final certification motion practice and rulings to occur prior to damages discovery.

[4] The fact that the resolution of pending motions may dispose of the need for certain discovery is, standing alone, generally insufficient to stay that discovery. *See, e.g.*, *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).

Counsel must carefully review the requirements and procedures for litigating an FLSA collective action and a class action before filing the second amended discovery plan.

IT IS SO ORDERED.

Dated: June 20, 2019

_____
Nancy J. Koppe
United States Magistrate Judge