*Counsel listed on the following page*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DEVONTE' REESE, on his own behalf and on behalf of all other similarly situated,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>NPSG GLOBAL, LLC, a Foreign Limited-Liability Company; DOES I-X and ROE CORPORATIONS I-X,<br><br>　　　　　　　Defendants. | Case No. 2:19-cv-00209-JCM-NJK<br><br>STIPULATION AND ORDER FOR CONTINUANCE OF ALL EXISTING CASE DEADLINES<br><br>(First Request) |

**HKM EMPLOYMENT ATTORNEYS LLP**
**JENNY L. FOLEY, Ph. D., ESQ.,**
Nevada Bar No. 9017
E-mail: jfoley@hkm.com
**MARTA D. KURSHUMOVA, ESQ.**
Nevada Bar No. 14728
Email: mkurshumova@hkm.com
1785 East Sahara, Suite 300
Las Vegas, Nevada 89104
Tel:    (702) 625-3893
Fax:    (213) 447-2391

**JASON A. RITTEREISER** *(admitted pro hac vice)*
E-mail: jrittereiser@hkm.com
**RACHEL M. EMENS** *(admitted pro hac vice)*
Email: remens@hkm.com
**HENRY BRUDNEY** *(admitted pro hac vice)*
Email: hbrudney@hkm.com
600 Stewart Street, Suite 901
Seattle, WA 98101
Tel:    (206) 838-2504
Fax:    (206) 260-3055


**STUTHEIT KALIN LLC**

**KYANN KALIN** *(admitted pro hac vice)*
Email: kyann@stutheitkalin.com
1 SW Columbia Street, Suite 1850
Portland, OR 97204
Tel:    (971) 285-7578
Fax:    (503) 715-5670

*Attorneys for Plaintiff Devonte' Reese*

## I. INTRODUCTION

Plaintiff Devonte' Reese, by and through his counsel of record, and Defendant NPSG Global, LLC, by and through its counsel of record, hereby submit this stipulation requesting a 180-day extension of all case deadlines currently set in the Court's July 9 scheduling order. This is the first request for a continuance of any case deadlines set forth in the Court's July 9 scheduling order.

## II. FACTUAL BACKGROUND

### A. Procedural History

In this alleged collective and putative class action, Plaintiff asserts wage and hour claims on behalf of an alleged putative class pursuant to Fed. R. Civ. P. 23 and collective pursuant to 29 U.S.C. §216(b). *See* Dkt. No. 1. Plaintiff alleges he and others similarly situated were deprived of wages and overtime wages under Nevada and federal law. *See Id*. Defendant denies all allegations. *See* Dkt. No. 14.

On July 9, 2019, the Court set all pertinent case deadlines in this matter, beginning with the deadline for Plaintiff to file his motion for conditional certification and the deadline for the joint proposed pretrial order. *See* Dkt. No. 41. The remaining deadlines from the July 9 Scheduling Order are as follows:

- Expert Disclosures: January 31, 2020
- Interim status report: January 31, 2020
- Rebuttal expert disclosures: March 3, 2020
- Discovery cutoff: April 2, 2020
- Motion to decertify any conditionally certified collective action: May 15, 2020
- Motion for Rule 23 class certification: May 15, 2020

1         • Dispositive motions: May 15, 2020

2         • Joint proposed pretrial order: June 15, 2020, or 30 days after resolution of
3            dispositive motions, motion to decertify any conditionally certified collective
4            action, and motion for Rule 23 class certification.

Dkt. No. 41.

On September 6, 2019, Plaintiff moved for conditional certification of the individuals he alleged belonged to the FLSA collective. *See* Dkt. No. 52. On October 18, 2019, Defendant filed its Opposition to Motion for Conditional Certification. *See* Dkt. No. 59. On November 1, 2019, Plaintiff filed his Reply in Support of Motion for Conditional Certification. *See* Dkt. No. 60. On November 14, 2019, the Court granted Plaintiff's Motion for Conditional Certification, conditionally certifying a class of exempt tier I, tier II, and tier III laborers, crew leads, site leads, and project managers, and ordered Defendant to produce names and contact information of all employees covered by the collective action as defined in the Court's order by January 13, 2020. *See* Dkt. No. 63 at 2, 5-6. The Court's order further provided that Defendant must submit written objections to Plaintiff's proposed notice and opt-in forms by December 3, 2019. *Id.* at 6. Defendant submitted written objections to Plaintiff's proposed notice on December 3, Plaintiff submitted briefing in opposition to Defendant's objections on December 23, and Defendant submitted a reply brief in support of its objections on January 9, 2020. *See* Dkt. Nos. 64, 67, 69.

Pursuant to the Court's order granting certification, Defendant provided Plaintiff with contact information for members of the conditionally certified collective on January 13, 2020. The Court has not yet ruled on Defendant's objections or authorized any form of notice to be issued to the conditionally certified collective.

**B. History of Discovery and Discovery that Remains**

To date, the parties have engaged in some written discovery. On June 17, 2019,

Defendant served its Initial Disclosures. On June 25, 2019, Plaintiff served his Initial Disclosures. On July 22, 2019, Plaintiff served Defendant with his First Set of Interrogatories and Requests for Production, and on September 5, 2019, Defendant served its Answers and Responses thereto. On October 30, 2019, Defendant served its First Set of Interrogatories and Requests for Production on Plaintiff, and on December 12, 2019, Plaintiff served his Answers and Responses thereto.

Although the parties have gathered some important written discovery, there is additional discovery that remains. Plaintiff anticipates taking numerous depositions of management employees and corporate representatives of Defendant. Plaintiff expects to take the majority of these depositions after the Court authorizes notice and establishes an opt-in period and before the conclusion of discovery and deadlines for motions to decertify the conditionally certified collective and certify the Rule 23 class. Likewise, in addition to taking the deposition of the named Plaintiff, Defendant anticipates, at a minimum, collecting written and oral discovery from potential opt-in plaintiffs, presuming additional plaintiffs opt-in to the conditionally certified collective prior to the conclusion of the opt-in period to be set by the Court. The parties also anticipate identifying expert witnesses, from whom discovery will likely need to be collected, once the opt-in period has closed and the number of opt-in plaintiffs has been established.

The parties have been unable to engage in these further discovery efforts because, while the number, name, and contact information of potential opt-in plaintiffs was provided to Plaintiff's counsel in accordance with the Court's November 14, 2019 order, the notice has not yet been authorized, the opt-in period has not yet been established, and the number of opt-in Plaintiffs is currently unknown.

### III. AUTHORITY AND ARGUMENT

The Court may extend the case schedule where good cause exists. *See* Fed. R. Civ. P. 16(b)(4). Local Rule IA 6-1 provides that, "[a] motion or stipulation to extend time must state the reasons for the extension requested and must inform the court of all previous extensions of the subject deadline the court granted." The parties stipulate that good cause exists for this continuance and set forth the reasons for the extension requested as follows.

Due to factors not foreseeable at the time of the Court's July 9 Scheduling Order, including whether the Court would conditionally certify Plaintiff's proposed FLSA collective, what contact information, if any, and by when, the Court would require Defendant to produce for members of the conditionally certified collective, and the date upon which the Court would authorize class notice and set the opt-in period, the parties are in need of a 180-day continuance of all currently scheduled case deadlines. The parties request this additional time so they may identify experts and collect discovery following the conclusion of the opt-in period, which, as of this filing, has not been set. The parties also anticipate needing to collect further discovery related to the conditionally certified collective and putative class before preparing and filing motions for decertification of the conditionally certified collective, Rule 23 class certification, and summary judgment or other dispositive motions.

This is the first request for a continuance by either party of any of the deadlines in the Court's July 9 scheduling order. This stipulation and order is sought in good faith and not for the purpose of delay.

## IV. CONCLUSION AND PROPOSED SCHEDULE

For the foregoing reasons, the parties respectfully request that the Court continue all existing case deadlines by 180-days in accordance with the following proposed schedule:

- Expert Disclosures: July 29, 2020
- Interim status report: July 29, 2020

- Rebuttal expert disclosures: August 31, 2020

- Discovery cutoff: September 29, 2020

- Motion to decertify any conditionally certified collective action: November 11, 2020

- Motion for Rule 23 class certification: November 11, 2020

- Dispositive motions: November 11, 2020

- Joint proposed pretrial order: December 14, 2020, or 30 days after resolution of dispositive motions, motion to decertify any conditionally certified collective action, and motion for Rule 23 class certification.

Respectfully submitted this 24th day of January, 2020.

| | |
|---|---|
| **HKM EMPLOYMENT ATTORNEYS LLP** | **JACKSON LEWIS P.C.** |
| */s/ Jenny L. Foley* | */s/ Daniel I. Aquino* |
| Jenny L. Foley, Ph.D., Esq., Bar No 9017 | Kirsten A. Milton, Bar No. 14401 |
| Marta D. Kurshumova, Esq., Bar No. 14728 | Daniel I. Aquino, Bar No. 12682 |
| 1785 East Sahara, Suite 300 | 300 S. Fourth Street, Suite 900 |
| Las Vegas, Nevada 89104 | Las Vegas, NV 89101 |
| */s/ Jason A. Rittereiser* | *Attorneys for Defendants* |
| Jason A. Rittereiser, (pro hac vice) | |
| Rachel M. Emens, (pro hac vice) | |
| Henry Brudney, (pro hac vice) | |
| 600 Stewart Street, Suite 901 | |
| Seattle, WA 98101 | |

**STUTHEIT KALIN LLC**
*/s/ Kyann Kalin*
Kyann Kalin, (pro hac vice)
1 SW Columbia Street, Suite 1850
Portland, OR 97204

*Attorneys for Plaintiff*

IT IS SO ORDERED  January 30, 2020

**GIVEN THE LENGTHY EXTENSION BEING GRANTED, THE COURT IS NOT INCLINED TO GRANT ANY FURTHER EXTENSIONS.**

_____
U.S. ~~DISTRICT/~~MAGISTRATE JUDGE

7