1
2
3
4
UNITED STATES DISTRICT COURT
5
DISTRICT OF NEVADA
6
* * *
7
DEVONTE' REESE,                                    Case No. 2:19-CV-209 JCM (NJK)
8
                               Plaintiff(s),                       ORDER
9
        v.
10
NPSG GLOBAL, LLC,,
11
                               Defendant(s).
12
13
        Presently before the court is NPSG Global, LLC's ("defendant") objection to DeVonte'
14
Reese's ("plaintiff") proposed op-in and notice forms.  (ECF No. 64).  Plaintiff filed a response
15
(ECF No. 67), to which defendant replied (ECF No. 69).
16
**I.      Background**
17
        The instant action arises from defendant allegedly misclassifying certain employees as
18
either 1099 independent contractors or salaried exempt employees.  (ECF No. 52 at 5).  As a
19
result, the misclassified employees were (1) denied overtime pay and (2) paid less than minimum
20
wage as required by the Fair Labor Standards Act ("FLSA") and Nevada law.  *Id.*
21
        In April 2015, defendant hired plaintiff as a "tier III laborer."[1]  *Id.* at 7.  Defendant paid
22
plaintiff $200 per day for up to twelve hours of work and $25 per hour thereafter.  *Id.*  However,
23
plaintiff alleges that "[d]efendant frequently failed to pay [p]laintiff at the contracted rate of
24
$25.00 per hour for hours Plaintiff worked in excess of 12 in a day, despite this being a regular
25
26
27
        [1]  Tier I, tier II, and tier III laborers have the same job description, duties, and obligations.
28
(ECF No. 52 at 7–8).  Defendant differentiated between tiers of laborers based upon their tenure,
with "tier I" laborers being the least experienced and "tier III" laborers being the most
experienced.

James C. Mahan
U.S. District Judge

occurrence." *Id.* at 8.  Plaintiff avers that defendant improperly characterized him and the other laborers as 1099 independent contractors instead of hourly non-exempt employees.  *Id.*

In January 2016, defendant promoted plaintiff to "site lead" and reclassified him as a salaried W-2 employee.  *Id.*  At most, plaintiff was paid an annual salary of $55,000, and he was not paid for any overtime hours that he worked.  *Id.* at 8–9.  Plaintiff alleges that "[d]efendant has misclassified all other site leads it employs as salaried exempt employees, thereby unlawfully depriving them of overtime pay."  *Id.* at 9.

Defendant promoted plaintiff to "project manager" in January 2017, and increased his salary to $75,000.  *Id.*  "Plaintiff was still considered a salaried exempt employee during the entirety of his time as a project manager with Defendant, and he was never paid overtime pay despite routinely working significantly more than 40 hours in a workweek."  *Id.* at 10.

Plaintiff alleges that his job duties did not change substantially over this time, despite the promotions.  *Id.* at 7–9.  As a result, plaintiff's job duties predominantly entailed manual labor regardless of his job title.  *Id.*  Plaintiff further alleges that he raised concerns and lodged grievances with his wrongful classification as a salaried employee several times.  (ECF No. 1 at 6).  Each time, defendant responded that there was no issue with his wages, status, pay, or hours. *Id.*

Plaintiff then filed the instant case alleging six causes of action: (1) failure to pay wages in violation of the FLSA, (2) failure to pay overtime wages in violation of the FLSA, (3) failure to pay minimum wages in violation of the Nevada Constitution, (4) failure to pay wages for all hours worked in violation of Nevada law, (5) failure to pay overtime wages in violation of Nevada law, and (6) failure to pay all wages due and owing upon termination in violation of Nevada law.

The court conditionally certified plaintiff's FLSA collective: all exempt-classified project managers and site leads.  (ECF No. 63).  However, the court noted that "defendant did not lodge any specific objections with the previous form.  Instead, defendant summarily objected 'to the substance and method of plaintiff's proposed notice.'"  *Id.* at 5 (quoting ECF No. 59 at 23).  The court allowed defendant an opportunity to object, and it now considers those objections.

## II.      Legal Standard

Under the FLSA, an employee may initiate a collective action on behalf of himself or herself and other similarly situated people.  29 U.S.C. § 216(b).  Although the FLSA does not define the term "collective action," the Ninth Circuit held that a collective action is "an action brought by an employee or employees for and on behalf of himself or themselves and other employees similarly situated."  *Gray v. Swanney-McDonald, Inc.*, 436 F.2d 652, 655 (9th Cir. 1971) (quoting H. R. Rep. No. 326, 80th Cong., 1st Sess. at 14) (internal quotations omitted).

The FLSA does not require certification for collective actions; however, "certification in a § 216(b) collective action is an effective case management tool, allowing the court to control the notice procedure, the definition of a class, the cutoff date for opting-in, and the orderly joinder of parties."  *Edwards v. City of Long Beach*, 467 F. Supp.2d 986, 989 (C.D. Cal. 2006).  "Whether to permit a collective action under the FLSA is within the court's discretion, and neither the Supreme Court nor the Ninth Circuit has defined 'similarly situated.'"  *Dualan v. Jacob Transp. Servs. LLC*, 172 F. Supp. 3d 1138, 1144 (D. Nev. 2016) (footnote citation omitted).

Courts in this circuit address certification for collective actions in two stages.  *See, e.g.*, *Dualan*, 172 F. Supp. 3d 1138; *Lewis v. Nevada Prop. 1, LLC*, No. 2:12-CV-01564-MMD, 2013 WL 237098 (D. Nev. Jan. 22, 2013); *Davis v. Westgate Planet Hollywood Las Vegas, LLC*, No. 208-CV-00722-RCJ-PAL, 2009 WL 102735 (D. Nev. Jan. 12, 2009).  "[T]he court must first decide, based primarily on the pleadings and any affidavits submitted by the parties, whether the potential class should be given notice of the action."  *Leuthold v. Destination Am.*, 224 F.R.D. 462, 467 (N.D. Cal. 2004) (citations omitted).  The second stage occurs "[o]nce discovery is complete and the case is ready to be tried, [when] the party opposing class certification may move to decertify the class."  *Id.*

## III.      Discussion

Plaintiff made certain revisions in response to defendant's initial objections.  (*See generally* ECF No. 67).  The court considers defendant's four remaining objections, which are as follows:

James C. Mahan
U.S. District Judge

- 3 -

1) Plaintiff's counsel still assumes appointment as class counsel without making or supporting the required request; 2) the proposed notice neglects to place the required emphasis on judicial impartiality; 3) the notice proposes an enlarged and unjustified 90-day notice period, which conflicts with the [c]ourt's discovery schedule; 4) [p]laintiff's proposed opt-in notice contains an incomplete and inaccurate statement of rights and potential outcomes for opt-in plaintiffs.

(ECF No. 69 at 1).

### a. Class counsel

At least one court in this district found that failing to move for appointment as interim class counsel was one of several problems that "counsel[ed] against granting conditional certification of an FLSA action." *Britain v. Clark Cty.*, No. 2:12-CV-1240-JAD-NJK, 2015 WL 1471561, at *6 (D. Nev. Mar. 31, 2015). Other courts in this district have granted conditional certification without discussing appointment of interim class counsel. *See, e.g., Gonzalez v. Diamond Resorts Int'l Mktg., Inc.*, No. 2:18-CV-00979-APG-CWH, 2019 WL 3430770 (D. Nev. July 29, 2019); *Orquiza v. Walldesign, Inc.*, No. 2:11-CV-1374 JCM CWH, 2012 WL 3561971 (D. Nev. Aug. 16, 2012); *McDonagh v. Harrah's Las Vegas, Inc.*, No. 2:13-CV-1744 JCM CWH, 2014 WL 2742874 (D. Nev. June 17, 2014).

Although appointment as interim class counsel does not appear to be a requirement for either collective certification or approval of opt-in notices, pragmatic FLSA plaintiffs seeking to conditionally certify their collectives move for such appointment simultaneously. *See e.g., Cardoza v. Bloomin' Brands Inc.*, No. 13-CV-1820-JAD-NJK, 2014 WL 5454178 (D. Nev. Oct. 24, 2014) (discussing collective certification, form of collective-action notice, and appointment of interim counsel as separate inquiries, but adjudicating them simultaneously).

Defendant argues that "the named [p]laintiff's counsels' firms have not taken the basic procedural step of requesting they be appointed as interim class counsel." (ECF No. 64 at 1). Plaintiff argues that "this not an objection to [p]laintiff's proposed notice and opt-in forms—it is an objection to the Court's order conditionally certifying Plaintiff's proposed class" and that defendant "seeks to impose requirements on the conditional certification process that do not exist." (ECF No. 67 at 4). In reply, defendant urges that the court is required to consider

James C. Mahan
U.S. District Judge

- 4 -

1    whether counsel can "fairly and adequately represent the interests of the class," and that

2    "[p]laintiff cites no applicable authority nor valid reason to support the argument that this

3    required inquiry should be delayed." (ECF No. 69 at 4–4).

4        Defendant did not raise this point in opposition to plaintiff's motion for conditional

5    certification. (*See* ECF No. 59). As a result, plaintiff characterizes this objection as a "post-host

6    challenge" to its motion for conditional certification. (ECF No. 67 at 6). The court will not

7    allow defendant a second bite at the conditional-certification apple.

8        The court also notes that defendant does not substantively dispute that plaintiff's counsel

9    is competent and capable of acting as class counsel. (ECF Nos. 64; 69). Instead, defendant's

10   objection is purely procedural. However, the FLSA collective has been only conditionally

11   certified. Thus, defendant may reraise this objection at the second—decertification—stage of the

12   FLA collective action. Similarly, defendant may raise this argument when plaintiff's counsel

13   seeks approval from the court to be appointed as class counsel of the Rule 23 class, which he

14   "plans to seek . . . in the coming months." (ECF No. 67 at 6).

15       Accordingly, the court overrules defendant's objection on this point.

16       **b.  Judicial impartiality**

17       The Supreme Court has explained that, "[i]n exercising the discretionary authority to

18   oversee the notice-giving process, courts must be scrupulous to respect judicial neutrality."

19   *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 174 (1989).

20       In sum, defendant's objection on this point is that a single sentence—"The case is at an

21   early stage, and there has not been a decision by the court as to whether the Plaintiff's position or

22   Defendant's position is the correct one"—should be in bold font. (ECF No. 69 at 4–5 (quoting

23   ECF No. 68 at 9 (quotation marks omitted))).[2]

24       The court finds that the sentence, as written, is sufficient to establish judicial neutrality.

25   The court overrules defendant's objection on this point.

26   . . .

27   _____

28       [2] Defendant previously objected to the form being titled a "court-authorized notice" (ECF No. 64), but plaintiff's revised form resolved that objection (ECF Nos. 67; 68).

**James C. Mahan**
**U.S. District Judge**

1

    **c.   Notice period**

2

    Defendant believes a 60-day notice period is sufficient and that a 90-day period is

3

"unwarranted."  (ECF No. 69 at 5–7).  As another court in this district has noted, notice periods

4

ranging from 60 to 90 days are routinely granted in this circuit.  *Cardoza*, 2014 WL 5454178, at

5

*4 (D. Nev. Oct. 24, 2014) (citing *Benedict v. Hewlett–Packard Co.*, No. 13-CV-00119-LHK,

6

2014 WL 587135, at *13, *15 (N.D. Cal. Feb. 13, 2014) (collecting cases)).

7

    Defendant's principal objection is that a 90-day notice period would extend beyond the

8

close of discovery.  (ECF No. 69 at 7).  But those deadlines have already been extended.  (*See*

9

ECF Nos. 71; 73).  Because such deadlines have already been extended, the court finds a 90-day

10

notice period reasonable and overrules defendant's objection.

11

    **d.   Collective and class action outcomes**

12

    Finally, defendant argues that the proposed notice should include additional paragraphs

13

explaining that this is a hybrid action—with both a Rule 23 class component and an FLSA

14

collective component—and the implications thereof.  (ECF Nos. 64 at 6–8; 69 at 7–8).  Plaintiff

15

urges that this request is premature because he has not yet moved for class certification under

16

Rule 23.  (ECF No. 67 at 10–11).

17

    The court has already conditionally approved the FLSA collective.  (ECF No. 63).  The

18

court has not yet certified the Rule 23 class.  Thus, there need not be Rule-23-specific language

19

in the FLSA collective notice and opt-in forms.  If the putative class is certified, then additional

20

notices will issue.  If it is not certified, then such language in the FLSA collective notice would

21

be unnecessary and confusing.  As it pertains to the FLSA collective, the court overrules its

22

objection.

23

    In sum, the court overrules all of defendant's objections.  The proposed notice and opt-in

24

forms, as plaintiff has amended them (ECF No. 68), are approved.

25

**IV.   Conclusion**

26

    Accordingly,

27

    IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's objections

28

(ECF No. 64) be, and the same hereby are, OVERRULED.

**James C. Mahan**
**U.S. District Judge**

- 6 -

1         IT IS FURTHER ORDERED that plaintiff's proposed notice and opt-in forms, as

2    amended, (*see* ECF No. 68), be, and the same hereby are, APPROVED.

3         DATED July 29, 2020.

4    _____

5    UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**

- 7 -