# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| DEVONTE' REESE,<br>    Plaintiff(s),<br>v.<br>NPSG GLOBAL, LLC,<br>    Defendant(s). | Case No.: 2:19-cv-00209-JCM-NJK<br>**ORDER**<br>[Docket No. 77] |

Pending before the Court is Plaintiff's motion to toll the statute of limitations with respect to future FLSA opt-in plaintiffs. Docket No. 77. Defendant filed a response in opposition. Docket No. 79. Plaintiff filed a reply. Docket No. 80. The motion is properly resolved without a hearing. *See* Local Rule 78-1.[1]

Defendant argues as a threshold matter that the motion is premature since its resolution would amount to issuance of an advisory opinion. *See* Resp. at 5-7; *but see* Reply at 4-7 (Plaintiff's argument to the contrary). The Court agrees with Defendant.

Federal courts have broad discretion in controlling their dockets. *See, e.g.*, *Landis v. N. American Co.*, 299 U.S. 248, 254 (1936). Courts also have a general duty to avoid deciding unnecessary issues. *See, e.g.*, *U.S. Sec. & Exch. Comm'n v. Jensen*, 835 F.3d 1100, 1113 n.6 (9th Cir. 2016). To that end, courts may sequence motion practice in an effort to avoid deciding unnecessary issues and will generally resolve motions only after it is clear that there is a need to

---

[1] Deciding whether to toll the statute of limitations is a non-dispositive matter within a magistrate judge's authority to decide. *See Mendoza v. AFO Boss, LLC*, 402 F. Supp. 3d 355, 357-58 (W.D. Tex. 2019); *see also Florence v. Stanback*, 607 F. Supp. 2d 1119, 1120-21 (C.D. Cal. 2009) (denial of a motion without prejudice cannot generally be considered "dispositive" since the motion may be renewed later).

do so. *See, e.g.*, *Kolas v. Wal-Mart Stores, Inc.*, Case No. 2:17-cv-01597-APG-NJK, 2018 U.S. Dist. Lexis 43191, at *2 (D. Nev. Mar. 16, 2018) (collecting cases declining to rule on spoliation motion for adverse jury instruction when it was not yet clear that there would be a jury trial). Numerous courts have concluded that a motion to toll the statute of limitations for future FLSA opt-in plaintiffs is premature. *E.g.*, *Ruder v. CWL Invs. LLC*, No. CV-16-04460-PHX-DGC, 2017 WL 3834783, at *1-2 (D. Ariz. July 27, 2017); *Peterson v. Alaska Comms. Sys. Grp., Inc.*, No. 3:12-cv-00090-TMB, 2014 WL 12696527, at *7-8 (D. Alaska Dec. 17, 2014), *abrogated on other grounds*, *Campbell v. City of Los Angeles*, 903 F.3d 1090 (9th Cir. 2018); *Ingersoll v. Royal & Sunalliance USA*, No. CV05-1774L, 2006 WL 859265, at *3 (W.D. Wash. Feb. 10, 2006).[2,3] The Court similarly finds that deciding the question of equitable tolling for hypothetical opt-in plaintiffs would constitute an advisory opinion and that such an issue should be resolved at a later time if actual opt-in plaintiffs seek such relief.[4]

Accordingly, the motion to toll the statute of limitations is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated: October 29, 2020

Nancy J. Koppe
United States Magistrate Judge

---

[2] These decisions echo the prevailing approach for courts nationwide. *E.g.*, *United States v. Cook*, 795 F.2d 987, 994 (Fed. Cir. 1986); *Sanchez-Rosa v. Municipality of San Juan*, Civil No. 18-1558 (RAM), 2020 WL 6286503, at *5-6 (D.P.R. Oct. 27, 2020); *McGill v. Nashville Tenn. Ventures, Inc.*, No. 3:19-cv-00922, 2020 WL 5983113, at *4 (M.D. Tenn. Oct. 8, 2020); *Ojeda v. Jouis Berger Grp. (Domestic), Inc.*, Civ. No. 18-17233 (KM) (JBC), 2020 WL 5757805, at *2-3 (D.N.J. Sept. 28, 2020).

[3] No prejudice results from declining to rule on this issue now. *Peterson*, 2014 WL 1269527, at *8.

[4] Plaintiff argues that his motion is not premature because the collective action has been conditionally certified. *See* Reply. at 5. The Court is not persuaded, as such request for relief remains premature as it is unclear whether there will be any future opt-in plaintiffs for whom equitable tolling is an issue. *See Ruder*, 2017 WL 3834783, at *2 (noting that, even if conditional certification is granted, it may be that "no individuals for whom equitable tolling is necessary will opt in"); *see also Peterson*, 2014 WL 12696527, at *6-9 (notwithstanding granting of conditional certification, finding request to toll statute of limitations to be premature); *Ingersoll*, 2006 WL 859265, at *2-3 (same).